UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. **6:24-CR-46-CHB-HAI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| V. | **PLEA AGREEMENT** | |
| CLIFTON PLOWMAN | | DEFENDANT |

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment. Count One charges a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move to dismiss Count Two at sentencing and agrees not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky unless the Defendant breaches this Agreement.

2.  The essential elements of Count One are:

    (a)  The Defendant knowingly and intentionally possessed a mixture or substance containing methamphetamine, a Schedule II controlled substance;

    (b)  The Defendant had the intent to distribute such substance; and

    (c)  The offense involved 50 grams or more of a mixture or substance

containing a detectable amount of methamphetamine.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

> (a) On December 19, 2023, in Perry County—which is located in the Eastern Judicial District of Kentucky—the Defendant knowingly possessed more than 50 grams of a methamphetamine mixture with the intention of distributing it. Specifically, following a traffic stop of the vehicle the Defendant was driving, law enforcement recovered multiple baggies containing 22 grams of a methamphetamine mixture and two sets of digital scales from the vehicle. Additionally, $2,065 in U.S. Currency and 50 grams of methamphetamine were found on the Defendant's person.
>
> (b) In a post-*Miranda* interview, the Defendant admitted to possessing the recovered methamphetamine for the purpose of distribution.

4. The statutory punishment for Count One is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another

2

crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The United States and the Defendant agree to jointly recommend a 200-month term of imprisonment at sentencing.

7. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal the guilty plea and conviction but reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition

3

seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 9/19/24   By: _____
Justin E. Blankenship
Assistant United States Attorney

Date: 9-13-24   _____
Clifton Plowman
Defendant

Date: 9-13-24   _____
Brandon J. Storm
Attorney for Defendant

5