**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CASE NO. 6:24-CR-046-1-CHB-HAI**

*ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA,**                                            **PLAINTIFF,**

**VS.**

**CLIFTON PLOWMAN,**                                                   **DEFENDANT.**

---

### 18 U.S.C. § 3553(a) SENTENCING MEMORANDUM

---

Comes now the Defendant, Clifton Plowman (hereinafter "Mr. Plowman"), by and through the undersigned counsel and pursuant to this Court's Sentencing Order (D.E. #30) regarding Sentencing mechanics, hereby files the following 18 U.S.C. § 3553(a) Sentencing Memorandum (hereinafter "Sentencing Memorandum") setting forth all factors that the Court should consider in determining what type and length of Sentence is sufficient, but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Although the United States of America and Mr. Plowman have entered into a non-binding Plea Agreement (D.E. #24), this Sentencing Memorandum is submitted in support of the parties' agreement to "**jointly recommend a 200-month term of imprisonment at sentencing**"[1] followed by a term of Supervised Release with a combination of intensive inpatient and/or outpatient mental health and substance use disorder treatment, as needed, while Mr. Plowman is on Supervised Release.

In consulting with Mr. Plowman regarding the unique facts and circumstance of his underlying Offense Conduct, his Guideline Range that is discussed at length in the PIR, and

---

[1] *See*, Plea Agreement (D.E. #24) at numerical paragraph 6 at page 3. *emphasis added*.

Page **1** of **8**

following discussions regarding the individualized 18 U.S.C. § 3553(a) Sentencing factors, coupled with recent Sentencing reform efforts in the United States of America, the parties' agreement to jointly recommend a 200-month term of imprisonment at sentencing followed by a term of Supervised Release with a combination of intensive inpatient and/or outpatient mental health and substance use disorder treatment, as needed, while Mr. Plowman is on Supervised Release is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). In fact, the parties' agreement to jointly recommend a 200-month term of imprisonment at sentencing followed by a term of Supervised Release is a fair, justified, purposeful and individualized Sentence that is uniquely crafted, structured and intentionally designed to meet the individualized 18 U.S.C. § 3553(a) Sentencing factors, specifically taking into account the significance of the crime, Mr. Plowman's Criminal History, and the underlying Offense Conduct, and is a fair and measured punishment that sends a powerful deterrent and signal to others in our community, across the Commonwealth and across the entire United States of America. Finally, the parties' agreement to jointly recommend a 200-month term of imprisonment at sentencing followed by a term of Supervised Release, is enough to accomplish all the 18 U.S.C. § 3553(a) Sentencing factors.

## I. Guideline Range Calculations

The United States Probation Office prepared the PIR, which calculated Mr. Plowman's Total Offense Level[2] and his Criminal History Category[3] resulting in a recommended Guideline Rage of imprisonment.[4]

---

[2] *See*, PIR at numerical paragraph 24.
[3] *Id*. at numerical paragraph 41.
[4] *Id*. at numerical paragraphs 58 - 61.

In fact, since the Court is no longer bound to impose a guideline Sentence against Mr. Plowman, he submits that a 200-month term of imprisonment followed by a term of Supervised Release with a combination of intensive inpatient and outpatient mental health and substance use disorder treatment while Mr. Plowman is on Supervised Release, is a fair, justified, purposeful, appropriate and individualized Sentence that is uniquely structured and intentionally designed to meet the individualized 18 U.S.C. § 3553(a) Sentencing factors, specifically taking into account the significance of the crime, a fair and measured punishment, as well as sending a powerful deterrent and signal to others in this District, across the Commonwealth and throughout the entire United States of America. As such, Mr. Plowman respectfully requests the Court to accept and adopt the parties' agreed recommendation when formulating his Sentence.

## II. 18 U. S. C. § 3553(a) Mitigating Factors for the Court's Consideration in Formulating Mr. Plowman's Sentence

### A. Nature and Circumstances of the Offense

Mr. Plowman has fully and unequivocally accepted responsibility for his Offense Conduct in the underlying Offense by pleading guilty to Count One of the Indictment.[5] In fact, Mr. Plowman acknowledges the criminal nature of his underlying Offense Conduct and he also acknowledges that illegal narcotics possession with intent to distribute, as seen in this case, causes a damaging impact on our community. Mr. Plowman's Plea Colloquy during his Rearraignment was sincere, candid, and remorseful. He acknowledges his wrongdoing and understands that he must pay his debts to society. As such, Mr. Plowman prays that the Court takes this into consideration when formulating his Sentence.

### B. Mr. Plowman's History and Characteristics

---

[5] *See*, PIR at numerical paragraphs 1, 4, 14 and 23.

Although facing a substantial Sentence, Mr. Plowman will only be 41 years old at the time of Sentencing[6] Mr. Plowman reported having a rather stable childhood he did not meet his biological father until he was a teenager.[7] Significantly however, Mr. Plowman began using/abusing controlled substances at the very young age of 11[8] that undoubtedly contributed to his spiraling and gripping addiction.[9]

In fact, although Mr. Plowman worked hard to obtain his GED and has worked harder to obtain gainful employment as evidenced in the PIR, he has admittedly struggled significantly with long term sobriety, which has resulted in incarcerations, "usually not [being] out of jail or prison for more than a year at a time."[10] Simply put, Mr. Plowman acknowledges that he needs, and is willing to participate in, mental health and substance use disorder treatment, and even medication-assisted treatment (MAT) as part of his Sentence.[11]

Therefore, based upon the foregoing, the Court would be justified in accepting the parties' agreement to jointly recommend a 200-month term of imprisonment at sentencing followed by a term of Supervised Release, based upon his unique history and characteristics. In sum, Mr. Plowman acknowledges the seriousness of his underlying Offense Conduct. He has been continuously detained in State and/or Federal custody on the underlying offense since December 19, 2023[12] and he has had critical time to reflect upon his Offense Conduct and to consider the damage he has caused to this District and his family. As such, Mr. Plowman prays for the Court's leniency when imposing his Sentence.

1. **Other 18 U.S.C. § 3553(a) Factors**

---

[6] *Id*. at numerical paragraphs 46 and 48.
[7] *Id*. at numerical paragraph 46.
[8] *Id*. at numerical paragraph 50.
[9] *Id*. at numerical paragraphs 50 and 51.
[10] *Id*. at numerical paragraph 53.
[11] *Id*. at numerical paragraphs 51.
[12] *Id*. at numerical paragraph 5.

Mr. Plowman understands that if he is Sentenced to a term of incarceration in a Federal Prison, he will serve most of the Sentence imposed by the Court; possibly eighty-five percent (85%) of the Sentence. If Sentenced to Federal Prison, Mr. Plowman is asking the Court to impose a Sentence that will afford him the ability to participate in all programs for which he qualifies relating to substance use disorder treatment, mental health, educational, or work related programs so that he has the tools to succeed in becoming a productive member of our community upon release. Specifically, Mr. Plowman requests the Court to Order that he be afforded the opportunity to participate in the Bureau of Prisons Residential Drug Abuse Program (hereinafter "RDAP"), if deemed appropriate, as he acknowledges that treatment would be beneficial to him while incarcerated and prior to release as a result of his documented substance use disorder issues. Without doubt, Mr. Plowman is ashamed and remorseful for his actions, and he wants to prove to the Court, and his family, that he can put his past behind him and prove that he can be a sober and productive member of our community.

Mr. Plowman is praying for the Court to impose a 200-month term of imprisonment followed by a term of Supervised Release with a combination of intensive inpatient and outpatient mental health and substance use disorder treatment while Mr. Plowman is on Supervised Release with a recommendation of his participation in all programs for which he qualifies including but not limited to RDAP while incarcerated. Moreover, Mr. Plowman requests the Court to Order his Sentences to all be ran **concurrently**.[13] A Sentence such as described herein is sufficient, but not greater than necessary to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Mr. Plowman; and to

---

[13] *Id.* at numerical paragraph 59. *See also*, U.S.S.G. § 5G1.3(d) and Application Notes: 4(A); 4(B); 4(C); and 4(D) of U.S.S.G. § 5G1.3.

provide Mr. Plowman with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Plowman's life has changed dramatically since being arrested, Indicted, Pleading Guilty herein and being incarcerated pending Sentencing. He understands that due to the nature of this crime, the Court has a duty to provide a just punishment, afford adequate deterrence, promote respect for the law, and protect the public. In fact, Mr. Plowman understands that the Court must impose a Sentence holding him accountable for his criminal conduct, while also considering his individual history and characteristics. Mr. Plowman has openly acknowledged the seriousness of this offense, and he understands that respect for, and compliance with, the law is an obligation that must be instilled in, and upheld by, all members of our society. Mr. Plowman also understands that any Sentence imposed must provide Defendants with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner possible.

Given Mr. Plowman's Offense Conduct in the underlying case, coupled with his individual history and characteristics, all statutory objectives of Sentencing will be accomplished if the Court imposes a 200-month term of imprisonment followed by a term of Supervised Release with a combination of intensive inpatient and outpatient mental health and substance use disorder treatment while Mr. Plowman is on Supervised Release. Mr. Plowman stands convicted in Federal Court and he has shown his ability to be compassionate to his community in electing to accept responsibility for his Offense conduct and entering a Guilty Plea to the Indictment rather than requiring the United States to proceed to Trial. Imposing a 200-month term of imprisonment followed by a term of Supervised Release with a combination of intensive inpatient and outpatient mental health and substance use disorder treatment while Mr. Plowman

is on Supervised Release will provide adequate deterrence to prevent Mr. Plowman from engaging in similar conduct in the future, and adequate deterrence can be accomplished with a Sentence as requested herein. In fact, a Sentence such as described herein will afford adequate deterrence to Mr. Plowman and other criminal Defendants, similarly situated, from engaging in such criminal activity as seen in this case.

As it relates to the kind of Sentences that are available pursuant to 18 U.S.C. 3553(a)(3-4), Mr. Plowman respectfully submits that his individual history and characteristics and the nature and circumstances of this offense justify and warrant a 200-month term of imprisonment followed by a term of Supervised Release with a combination of intensive inpatient and outpatient mental health and substance use disorder treatment while Mr. Plowman is on Supervised Release. Finally, a Sentence such as described herein would serve the ends of justice and will not be greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

## Conclusion

Considering all the Sentencing factors enumerated in 18 U.S.C. § 3553(a), the facts of this case and the mitigating arguments set forth herein, the Defendant, Clifton Plowman, respectfully submits that a 200-month term of imprisonment followed by a term of Supervised Release with a combination of intensive inpatient and outpatient mental health and substance use disorder treatment while Mr. Plowman is on Supervised Release, is sufficient, and not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C.§ 3553(a). Mr. Plowman respectfully requests that the Court waive any Fine.

    Respectfully Submitted,

    */s/* Brandon *J. Storm*
    BRANDON J. STORM, ESQ.

        Brandon J. Storm, PLLC
        107 N. Main Street
        London, KY 40741
        606-877-6655
        Counsel for Defendant, Clifton Plowman

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically forward a copy of the foregoing to all Counsel of Record.

        */s/* *Brandon J. Storm*
        BRANDON J. STORM, ESQ.
        Brandon J. Storm, PLLC